# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NEW YORK
# BUFFALO DIVISION

| | |
|---|---|
| Carlanda D. Meadors, an Individual, et. al., | |
| Plaintiffs, | Case No. 21 CV 982 JLS |
| Vs. | |
| Erie County Board of Elections, | |
| Defendant. | |

## DEFENDANT-INTERVENOR INDIA WALTON'S

## MOTION TO INTERVENE

### PRELIMINARY STATEMENT

Defendant-Intervenor India Walton is the Democratic nominee for Mayor of the City of Buffalo, having received the most votes in the June 22, 2021 primary election. The election results are attached hereto as **Exhibit A**. Defendant-Intervenor India Walton seeks permission to intervene in this action as a matter of right pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure or, in the

1

alternative, she seeks permissive intervention in this matter pursuant to Rule 24(b)(2) of the Federal Rules of Civil Procedure.

## BACKGROUND

This action was commenced on August 31, 2021, by CARLANDA D. MEADORS, LEONARD A. MATARESE, AND JODO D. AKOMO, (hereinafter "Plaintiffs") who reside in the City of Buffalo and are making a constitutional challenge to New York State Election Law 6.158.9 which sets the filing date for independent candidates at least twenty-three (23) weeks before the November 2, 2021 election.

Plaintiffs seek to enjoin defendant Erie County Board of Elections from enforcing the twenty-three (23) week deadline and to place the name "Byron Brown" on the ballot for the office of Mayor of the City of Buffalo.

## ARGUMENT

### I. Defendant-Intervenor India Walton is Entitled to Intervention as of Right

Rule 24(a) of the Federal Rules of Civil Procedure provides in relevant part:

(a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the

action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The Courts have established a four-part test to determine if a party is entitled to intervene as of right under Rule 24(a)(2). Under this test, "[a]n applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to this action." *New York News, Inc. v. Kheel*, 972 F.2d 482, 485 (2d Cir. 1992). As set forth below, the Defendant-Intervenor India Walton satisfies each element for intervention as of right.

A. **This Application Is Timely Filed.**

The timeliness of a motion to intervene is determined by considering: "(1) how long the applicant had notice of the interest before [he/she] made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness." *D 'Amato v. Deutsche Bank*, 236 F.3d 78, 84 (2d Cir. 2001); *See also, U.S. v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994).

This motion to intervene was filed three (3) days after the Complaint was filed and within the time set by the Court for written responses from defendants on Plaintiff's motion for a temporary restraining order, see **Docket, Document 6**. This

3

motion has been filed with pleadings and written responses to the plaintiffs' case pursuant to Rule 24(c). Further, counsel for Defendant-Intervenor India Walton will be present and is prepared to argue the issues on September 3, 2021 at 10:30 am. Accordingly, this motion to intervene is made within days of commencement and will not delay the date of the scheduled hearing for a temporary restraining order. Additionally, Defendant-Intervenor India Walton will be prejudiced should this Court grant plaintiffs' requested relief.

B. **Defendant-Intervenor India Walton Has An Interest In This Action**.

Defendant-Intervenor India Walton is the endorsed Democratic candidate for the office of Mayor of the City of Buffalo. Accordingly, she has an interest in any other individual who seeks to be on the ballot for the general election scheduled for November 2, 2021. She has an interest in the plaintiffs' request for a temporary restraining order which would place another candidate on the ballot. Therefore, she has an interest in the outcome of this litigation.

C. **Defendant-Intervenor India Walton's Interest May Be Impaired By The Disposition Of The Action**.

Defendant-Intervenor India Walton interest's will be impaired if this application for intervention is denied. Like all candidates for public office in 2021, Defendant-Intervenor India Walton relied upon the official, New York State Board of Elections political calendar, attached hereto as **Exhibit B**, in planning her

4

campaign. She won Democratic primary election on June 22, 2021 by defeating incumbent Mayor Byron Brown.

Despite losing the primary election, Mayor Brown began a write-in campaign, as his right.

Following his loss in the primary election, Mayor Brown created the "Buffalo Party" which seeks to place Mayor Brown's name on the ballot for the general election. That effort to place Mayor Brown on the ballot was rejected by the defendant Erie County Board of Elections on August 31, 2021.

If the Court grants plaintiffs' requested relief, it would disrupt Defendant-Intervenor India Walton's public campaign for Mayor of the City of Buffalo by placing in jeopardy all of the noticed dates and election procedures upon which she (and all other candidates for office) relied on to their detriment. In one of the most on-point and expansive discussions of intervention in cases such as these, the Court in *Hoblock v. Albany County Board of Elections*, 233 F.R.D. 95 (2005), stated:

> ... [T]his Court finds that, indeed, a protectable interest alone, even apart from any actual claim or the ability to file a separate action, may be sufficient for a court to grant intervention under Rule 24(a). See San Juan County, 420 F.3d 1197 (10th Cir.2005); Corps of Eng'r, 101 F.3d 503 (7th Cir.1996). "The strongest case for intervention is not where the aspirant for intervention could file an independent suit, but where the intervenor-aspirant has no claim against the defendant yet a legally protected interest that could be impaired by the suit." Corps of Eng'r, 101 F.3d at 507 (citing Shapiro, supra, at 726–27). "

> 'As the Rule's plain text indicates, intervenors of right need only an "interest" in the litigation—not a "cause of action" or "permission to

sue." ' " San Juan County, 420 F.3d at 1210 (addressing interest in federal Quiet Title Action; citing Jones v. Prince George's County, 348 F.3d 1014, 1018 (D.C.Cir.2003)). The Candidates here have shown that they have a direct, substantial and protectable interest in this litigation, see United States v. Peoples Benefit Life Ins. Co., 271 F.3d 411 (2d Cir.2001) (per curiam) (addressing requirement of interest to support motion to intervene); Corps of Eng'r, 101 F.3d at 506, and upon determination of the suit their interests will be impacted by the outcome of the election.

Although not required under Rule 24(a) intervention, this Court will, lastly, mention that the Amended Complaint was filed in September of 2005, with this decision being rendered in December of 2005, and with the case currently proceeding before the Honorable David R. Homer, United States Magistrate Judge, for pre-trial matters and Rule 16 scheduling—allowing Candidates to intervene at this juncture without causing undue delay or prejudice to the other parties in this action. *Hoblock, supra,* at 100.

### D. Defendant-Intervenor India Walton's Interest Is Not Adequately Protected By The Parties To This Case.

Defendant-Intervenor India Walton has an interest in this action that is not adequately protected by any other party. Defendant-Intervenor India Walton is personally interested in the outcome of the race for Mayor of Buffalo; although the interests of the defendant Erie County Board of Elections and Defendant-Intervenor India Walton's voters may appear in unison, ultimately Ms. Walton has a personal interest in the ballot and the November 2, 2021 election for Mayor of the City of Buffalo.

Again, the decision of the Court in *Hoblock v Albany County Bd. Of Elections,*

6

233 F.R.D. 95 (2005), is instructive:

> Candidates have a right to run for office, and to hold office if elected. See Flinn v. Gordon, 775 F.2d1551, 1554 (11th Cir.1985). This Court accepts the argument advanced by Plaintiff Candidates that their interests and those of the voters are not aligned, since Candidates have a personal interest in winning and holding office, while the voters simply have an interest in having their votes counted and protected, regardless of who they actually voted for. See Mem. of Law in Support (Dkt. No. 21) at 4. The rights of candidates, after all, have been found to be related to, but distinct from, those of voters, see Griffin v. Burns, 570 F.2d 1065, 1072 (1st Cir.1978) (citing, inter alia, Bullock v. Carter, 405, U.S. 134, 142–143, 92 S.Ct. 849, 31 L.Ed.2d 92 (1972)).
>
> Furthermore, "[w]here the interests of the original party and of the intervenor are identical—where in other words there is no conflict of interest—adequacy of representation is presumed." Solid Waste Ag. of N. Cook County v. United States Army Corps of Eng'r, 101 F.3d 503, 508 (7th Cir.1996) (Posner, C.J.) (citing cases). Although the burden to show inadequacy of representation of interests is on the intervenor, it is a minimal one, and not onerous. See San Juan County, 420 F3d at 1211(further citations omitted). *Hoblock, supra*, at 99.

Defendant-Intervenor India Walton, thus, is not part of the same class of persons and do not have the same interests as any other party. *See, Marble Hill Oneida Indians v. Oneida Indian Nation, 62 Fed. Appx. 389, 390 (2d Cir. 2003).* Therefore, Defendant-Intervenor India Walton's interests are not adequately protected by the existing parties. Her interests in the outcome of this litigation is separate and apart from the defendant Erie County Board of Elections.

Based on the foregoing, it is requested that this Court allow Defendant-Intervenor India Walton to intervene in this action as of right pursuant to FRCP 24(a).

## II. In the alternative, Defendant-Intervenor India Walton requests Permissive Intervention

If a party seeking to intervene does not meet its burden under Rule 24(a), it may still be able to intervene under Rule 24(b), which provides for permissive intervention. Rule 24(b) of the Federal Rules of Civil Procedure provides in relevant part:

> (b) Permissive Intervention.
>
> > (1) In General. On timely motion, the court may permit anyone to intervene who:
> >
> > > (b) has a claim or defense that shares with the main action a common question of law or fact.

For the reasons set forth above and as set forth in the pleadings and written submissions submitted herewith, the Defendant-Intervenor India Walton has a defense to the main action that shares a common question of law or fact. Further, in addition to evaluating whether there is a common question of law or fact between the movant's claim or defense and the suit, the courts consider if such intervention would cause "'intolerable delay" and if such delay would cause prejudice to the plaintiff class." *D'Amato*, 236 F.3d at 84; *Enviro Corp. v. Clestra Cleanroom, Inc.*, 2002 U.S. Dist. LEXIS 17917 (N.D.N.Y).

Defendant-Intervenor India Walton has a common defense to this action and permissible intervention would not cause delay, let alone "intolerable delay", as this case is only days old, issue has not yet been joined, Defendant-Intervenor has submitted pleadings and papers in support of her position on the merits of the case, and her counsel is fully prepared to argue the issues before this court at the hearing scheduled for September 3, 2021 at 10:30am.

## CONCLUSION

For the foregoing reasons, Defendant-Intervenor India Walton requests an Order of this Court granting Intervention as a matter of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure or, in the alternative, an Order of this Court granting Defendant-Candidate India Walton permissive Intervention under Rule 24(b)(2) of the Federal Rules of Civil Procedure, together with such other and further relief as the Court deems just and proper.

HOUSH LAW OFFICES, PLLC

By: *[signature: Frank Housh]*

Frank Housh, Esq.
70 Niagara Street · Buffalo, NY 14202
p 716.362.1128 · f 716.242.3000
frank@houshlaw.com

                                                s/Sean E. Cooney, Esq.
                                                Sean E. Cooney, Esq
                                                Dolce Firm
                                                Attorney for Defendant-Intervenor India B. Walton
                                                1260 Delaware Avenue
                                                Buffalo, New York
                                                (716) 852-1888
                                                scooney@dolcefirm.com


TO:    Bryan L. Sells, Esq.
         Attorney for Plaintiffs
         The Law Office of Bryan L. Sells, LLC
         P.O. Box 5493
         Atlanta, Georgia 31107-0493
         (404) 480-4212
         bryan@bryansellslaw.com

         Frank C. Callocchia, Esq.
         Attorney for Plaintiffs
         Callocchia Law Firm, PLLC
         16 Bidwell Parkway
         Buffalo, New York 14222
         (716) 807-2686
         frank@callocchialaw.com

         Jeremy C. Toth
         First Assistant County Attorney
         Department of Law
         95 Franklin Street
         Buffalo, New York 14202
         (716) 858-2204
         jeremy.toth@erie.gov