IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
BUFFALO DIVISION

| | |
|---|---|
| **Carlanda D. Meadors**, an individual, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> **Erie County Board of Elections**, et al., <br><br> Defendants. | Case No. 1:21-cv-982-JLS <br><br><br> **First Amended** Complaint |

> Deleted: **Leonard A. Matarese**, an individual, and **Jomo D. Akono**, an individual,
> Deleted: _____
> Deleted: Verified
> Deleted: Defendant
> Deleted: ¶

The plaintiffs hereby amend their complaint under Rule 15(a)(1) of the Federal Rules of Civil Procedure. This amendment adds plaintiffs and defendants and makes no other substantive changes.

**Nature of the Case**

1. This is an as-applied constitutional challenge to New York's petition deadline for independent candidates. The law at issue is Section 6-158.9 of the New York Election Code, which requires independent

candidates to file their nominating petition at least 23 weeks before a general election—a date that fell this year in late May.

2.  The plaintiffs are three individual supporters of an independent candidate for Mayor of Buffalo. They allege that New York's early deadline, as applied to the would-be candidate, violates their rights under the First and Fourteenth Amendments to the United States Constitution. They seek declaratory and injunctive relief prohibiting Erie County election officials from enforcing that deadline and requiring them to place the candidate's name on the 2021 general-election ballot.

## Jurisdiction and Venue

3.  This Court has original jurisdiction over this case under Article III of the U.S. Constitution and 28 U.S.C. §§ 1331 and 1343(a)(3).

4.  This suit is authorized by 42 U.S.C. § 1983.

5.  Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

6.  Venue is proper in the Western District of New York under 28 U.S.C. § 1391(b) and 28 U.S.C. § 112(d).

## Parties

7. Carlanda D. Meadors is a resident of the City of Buffalo. She is a registered voter and a supporter of Brown's independent candidacy for Mayor of the City of Buffalo in 2021. She signed Brown's independent nominating petition and wants to vote for Brown on the general-election ballot.

8. Leonard A. Matarese is a resident of the City of Buffalo. He is a registered voter and a supporter of Byron W. Brown's independent candidacy for Mayor of the City of Buffalo in 2021. He signed Brown's independent nominating petition and wants to vote for Brown on the general-election ballot.

9. Jomo D. Akono is a resident of the City of Buffalo. He is a registered voter and a supporter of Brown's independent candidacy for Mayor of the City of Buffalo in 2021. He signed Brown's independent nominating petition and wants to vote for Brown on the general-election ballot.

10. Kim P. Nixon-Williams is a resident of the City of Buffalo. She is a registered voter and a supporter of Brown's independent candidacy for Mayor of the City of Buffalo in 2021. She signed Brown's

3

independent nominating petition and wants to vote for Brown on the general-election ballot.

11. Florence E. Baugh is a resident of the City of Buffalo. She is a registered voter and a supporter of Brown's independent candidacy for Mayor of the City of Buffalo in 2021. She signed Brown's independent nominating petition and wants to vote for Brown on the general-election ballot.

12. Defendant Erie County Board of Elections administers elections for Mayor of the City of Buffalo and is charged by law with enforcing New York's petition deadline for independent candidates in the 2021 mayoral election. The Board exercises its authority under color of state law within the meaning of 42 U.S.C. § 1983.

13. Defendant Jeremy J. Zellner is a member of the Erie County Board of Elections. As a Commissioner, he exercises his authority under color of state law within the meaning of 42 U.S.C. § 1983. He is sued in his official capacity only.

14. Defendant Ralph M. Mohr is a member of the Erie County Board of Elections. As a Commissioner, he exercises his authority under

color of state law within the meaning of 42 U.S.C. § 1983. He is sued in his official capacity only.

## Background

**I.   New York's Petition Deadline for Independent Candidates**

15.   The State of New York first adopted a petition deadline for independent candidates in 1890. The law provided that independent candidates for local offices could appear on the general-election ballot by filing a petition containing the requisite number of signatures at least 12 days before the election. Act of May 2, 1890, ch. 262, § 8, 1890 N.Y. Laws 482, 484. c. 262 Sec. 8, p. 482, 484.

16.   In 1892, the Legislature moved the deadline to 15 days before the general election. The Election Law, ch. 680, § 59, 1892 N.Y. Laws 1602, 1622.

17.   In 1922, the deadline moved to four weeks before the general election. The Election Law, ch. 588, § 140, 1922 N.Y. Laws 1326, 1401-02.

18.   In 1976, the Legislature changed the deadline to seven weeks before the general election, a date that fell in late September. Act of June 1, 1976, ch. 233, § 1, 1976 N.Y. Laws 1, 90-91.

5

19. In 1984, the deadline moved once again to 11 weeks before the general election, a date that fell in late August, and it stayed there until 2019. Act of July 19, 1984, ch. 433, § 8, 1984 N.Y. Laws 2592, 2594.

20. In 2019, the Legislature changed the deadline to "not later than twenty-three weeks preceding" a general election. Act of January 24, 2019, ch. 5, § 13, 2019 N.Y. Laws 9, 14 (codified at N.Y. Elec. Law § 6-158.9). That date falls in late May, 161 days before the general election; 28 days before the non-presidential primary election, which is held on the fourth Tuesday in June, N.Y. Elec. Law § 8-100(a); and 107 days before the deadline—54 days before the general election—by which county boards of election are required to determine the candidates who will appear on the ballot, N.Y. Elec. Law § 4-114.

21. In 2020, because of the COVID-19 virus, Executive Order 202.46 (June 30, 2020) changed the deadline to July 30, 2020.

22. In 2020, incumbent Democratic Assemblywoman Rebecca Seawright, who had represented Manhattan's Upper East Side since 2015, missed the deadline to qualify for the June primary election. Because she faced no intra-party opposition, that left the Democratic line open and only a Republican on the general-election ballot in the

heavily-Democratic district. But because of Executive Order 202.46, she was able to qualify for the general-election ballot as an independent candidate, and she won re-election by almost 20 percentage points.

23. In 2021, the general election is scheduled for November 2. N.Y. Elec. Law § 8-100(c). The petition deadline for independent candidates therefore fell on May 25, 2021. The non-presidential primary election was held on June 22. And the deadline for county boards of election to determine the candidates who will appear on the general-election ballot is September 9.

## II. Erie County Rejects Brown's Independent Petition

24. Bryon W. Brown is the current mayor of the City of Buffalo, New York.

25. Brown sought re-election as the nominee of the Democratic Party but was defeated in the primary election.

26. Brown then launched a write-in campaign.

27. Brown's supporters also launched an effort to nominate him as an independent candidate for mayor in the general election.

28. Brown's supporters gathered signatures of eligible voters in the City of Buffalo and filed their nominating petition containing more

than the requisite number of signatures with the Erie County Board of Elections on August 17, 2021.

29. The petition would have entitled Brown to a place on the ballot if it had been filed on or before May 25, 2021, and it would have been timely under all of New York's petition deadlines in force before 2019.

30. The Erie County Board of Elections rejected the nominating petition on Friday, August 27, 2021, because the petition had not been filed by the deadline set out in Section 6-158.9 of the New York Election Code.

## Claim One

31. New York's petition deadline for independent candidates, as applied here to the candidacy of Byron W. Brown for Mayor of the City of Buffalo, violates rights guaranteed to the plaintiffs by the First and Fourteenth Amendments to the United States Constitution, as enforced by 42 U.S.C. § 1983.

## Relief

32. A real and actual controversy exists between the parties.

33. The plaintiffs have no adequate remedy at law other than this action for declaratory and equitable relief.

34. The plaintiffs are suffering irreparable harm as a result of the violations complained of herein, and that harm will continue unless declared unlawful and enjoined by this Court.

WHEREFORE, the plaintiffs respectfully pray that this Court:

(1) assume original jurisdiction over this case;

(2) enter a declaratory judgment that New York's petition deadline for independent candidates, as applied here to the candidacy of Byron W. Brown for Mayor of the City of Buffalo, violates rights guaranteed to the plaintiffs by the First and Fourteenth Amendments to the United States Constitution, as enforced by 42 U.S.C. § 1983;

(3) enjoin the Erie County Board of Elections from enforcing New York's petition deadline for independent candidates against Brown's candidacy and from failing to place his name on the 2021 general-election ballot as an independent candidate for Mayor of the City of Buffalo;

9

(4) award the plaintiffs the costs of this action together with their reasonable attorneys' fees under 42 U.S.C. § 1988; and

(6) retain jurisdiction of this action and grant the plaintiffs any further relief which may in the discretion of the Court be necessary and proper.

Respectfully submitted this 3rd day of September, 2021.

**/s/ Bryan L. Sells\***
Georgia Bar No. 635562
Attorney for the Plaintiffs
The Law Office of Bryan L. Sells, LLC
PO Box 5493
Atlanta, Georgia 31107-0493
Telephone: (404) 480-4212
Email: bryan@bryansellslaw.com

\* *Admitted* pro hac vice

**/s/ Frank C. Callocchia**
Attorney for the Plaintiffs
Callocchia Law Firm, PLLC
16 Bidwell Parkway
Buffalo, New York 14222
Telephone: (716) 807-2686
Email: frank@callocchialaw.com

- Deleted: 30th
- Deleted: August
- Deleted: *Application for admission*
- Deleted: *forthcoming*
- Deleted: ──────Page Break──────
  **Verification**
  Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury under the laws of the United States of America that the allegations in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief.
  Executed this 30th day of August, 2021.
  _____
  Carlanda D. Meadors