UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| CARLANDA D. MEADORS, an individual,<br>LEONARD A. MATARESE, an individual,<br>JOMO D. AKONO, an individual,<br>KIM P. NIXON-WILLIAMS, and<br>FLORENCE E. BAUGH, | 21-CV-982-JLS-MJR<br><br>CASE MANAGEMENT ORDER |

                Plaintiffs,

   -v-

ERIE COUNTY BOARD OF ELECTIONS,
JEREMY J. ZELLNER,
RALPH M. MOHR,

                Defendants.
_____

      Pursuant to the Text Order of Hon. John L. Sinatra, Jr. referring the above case to the undersigned for pretrial procedures and the entry of a scheduling order as provided in Fed.R.Civ.P. ("Rule") 16(b) and Local Rule 16,

      IT IS **ORDERED** that:

      1.    In accordance with Section 2.1A6 of the Plan for Alternative Dispute Resolution,[1] this case is exempt from automatic referral for ADR.

      2.    Compliance with the mandatory disclosure requirements found in Rule 26(a)(1) will be accomplished no later than **6/1/2022**.

      3.    All motions to join other parties and to amend the pleadings shall be filed no later than **8/1/2022**.

      4.    All motions to compel shall be filed no later than **10/1/2022**.  If a discovery dispute arises, before filing a motion to compel the movant must advise the undersigned of the dispute and request a conference by submitting a letter to the Court (copying opposing counsel).  *See* Rule 16(b)(3)(B)(v).  Upon review of the letter, a conference will be scheduled with the parties to attempt to resolve the issue informally.  If the dispute is not resolved informally, the parties will be given the opportunity to file a formal motion.  This informal discovery dispute resolution process is not expedited motion practice.  Therefore, letter submissions should provide a brief overview of the issue with supporting documentation and the

---

[1]    A copy of the ADR Plan can be found at http://www.nywd.uscourts.gov or obtained from the Clerk's Office.

parties' positions.  Parties do not waive arguments by failing to raise them in their letter submissions.

        5.      All fact discovery shall be completed no later than **11/1/2022**.

        6.      The parties shall identify any expert witnesses and produce their reports pursuant to Fed.R.Civ.P. 26(a)(2) as follows:

    (a)    plaintiffs shall identify any expert witnesses and produce their report by **8/1/2022**;

    (b)    defendants shall identify any expert witnesses and produce their reports by **9/1/2022;**

    (c)    plaintiffs shall identify any rebuttal expert witnesses and produce their report by **9/15/2022**; and

    (d)    defendants shall identify any rebuttal expert witnesses and produce their reports by **10/1/2022**.

        7.      All expert depositions shall be completed no later than **11/1/2022.**

        8.      Pretrial dispositive motions, if any, shall be filed no later than **12/1/2022**.  Such motions shall be made returnable before Judge Sinatra.

A trial status conference pursuant to Fed.R.Civ.P. Rule 16(d) and Local Rule 16.1(f) will be held, if necessary, at a date and time to be determined by the trial judge after determination of dispositive motions.  If no dispositive motions are filed, counsel shall immediately contact the trial judge so that a trial date status conference can be scheduled.  At least seven (7) days prior to the trial date status conference, the parties shall file a joint case status report setting forth the information described below.  If the parties disagree as to the information to be provided, the report must set forth their different responses.  The joint status report shall contain:

(1)    <u>Nature of the Case</u>:  Set forth a brief description of the action, identifying the parties, all counsel of record, the relief requested, any affirmative defense and any relationship the case may have to other pending actions.

(2)    <u>Motion Practice</u>:  Are any motions, dispositive or non-dispositive, pending? If so, briefly describe the motion. Explain if additional motion practice is necessary before the matter is ready to be tried.

(3)    <u>Settlement</u>:  Describe the status of settlement negotiations.  If the parties believe a court supervised settlement/mediation conference would be of assistance in resolving the case or narrowing disputed issues, please state.

(4)    <u>Trial</u>:  State whether the case is ready for trial.  If not, explain why.  Set forth an estimate of how long the trial will take and whether the case is Jury or non-jury

**No extension of the above deadlines will be granted except upon written application, filed prior to the deadline, showing good cause for the extension. The parties are reminded that "a finding of 'good cause' depends on the diligence of the moving party".** *Parker v. Columbia Pictures Industries*, 204 F.3d 326, 340 (2d Cir. 2000).

**SO ORDERED**.

DATED: May 27, 2022
Buffalo, New York


*/s/ Michael J. Roemer*
MICHAEL J. ROEMER
United States Magistrate Judge