MANDATE
23-1054
Meadors v. Erie County Board of Elections

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of July, two thousand twenty-four.

PRESENT: REENA RAGGI,
DENNY CHIN,
STEVEN J. MENASHI,
*Circuit Judges*.

-----------------------------------------------------------------------
CARLANDA D. MEADORS, an individual, LEONARD A. MATARESE, an individual, JOMO D. AKONO, an individual, KIM P. NIXON-WILLIAMS, FLORENCE E. BAUGH,

        *Plaintiffs-Appellants*,

        v.        No. 23-1054-cv

ERIE COUNTY BOARD OF ELECTIONS, RALPH M. MOHR, JEREMY J. ZELLNER,

        *Defendants-Appellees*.[*]
-----------------------------------------------------------------------

APPEARING FOR APPELLANTS:    BRYAN L. SELLS, The Law Office of Bryan L. Sells, LLC, Atlanta, GA.

APPEARING FOR APPELLEES:    CHARLES GERSTEIN, Gerstein Harrow LLP, Washington, DC (Jason Harrow, Gerstein

---

[*] The Clerk of Court is respectfully directed to amend the caption as set forth above.

1

MANDATE ISSUED ON 08/16/2024

Harrow LLP, Los Angeles, CA, Jeremy Toth, Erie County Attorney, Erie County Department of Law, Buffalo, NY, *on the brief*).

Appeal from a judgment of the United States District Court for the Western District of New York (Michael J. Roemer, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal is DISMISSED, the judgment entered on July 11, 2023, is VACATED, and the case is REMANDED with instructions to dismiss the case as moot.

Plaintiffs Carlanda D. Meadors, Leonard A. Matarese, Jomo D. Akono, Kim P. Nixon-Williams, and Florence E. Baugh appeal from an award of summary judgment in favor of defendants Erie County Board of Elections, Ralph M. Mohr, and Jeremy J. Zellner on their 42 U.S.C. § 1983 claim asserting an as-applied challenge to New York's filing deadline for independent nominating petitions. *See* N.Y. Elec. L. § 6-158(9). Plaintiffs, five Buffalo voters, allege that their First and Fourteenth Amendment rights were violated when their preferred mayoral candidate, Byron Brown, was excluded from the 2021 general election ballot because his independent nominating petition was filed only after he lost the Democratic primary election, well past New York's filing deadline. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we discuss only as necessary to explain our mootness determination.

Although the district court concluded that this action was not moot, and defendants do not argue otherwise, "[w]e have an independent obligation to satisfy ourselves of the

2

jurisdiction of this court and the court below." *Stafford v. Int'l Bus. Machs. Corp.*, 78 F.4th 62, 68 (2d Cir. 2023) (internal quotation marks omitted). We review the question of mootness *de novo*. *See County of Suffolk v. Sebelius*, 605 F.3d 135, 139 (2d Cir. 2010). A case becomes "moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Tann v. Bennett*, 807 F.3d 51, 52 (2d Cir. 2015) (internal quotation marks omitted). "[W]henever mootness occurs, the court . . . loses jurisdiction over the suit, which therefore must be dismissed." *Hassoun v. Searls*, 976 F.3d 121, 127 (2d Cir. 2020) (internal quotation marks omitted).

As plaintiffs conceded at oral argument, their as-applied challenge to New York's independent nominating petition filing deadline with respect to the 2021 general election is moot because the election has been conducted, and Brown was reelected by write-in votes without appearing on the ballot. Thus, there is no effective relief that this court can grant as to *that* election. *See Westchester v. U.S. Dep't of Hous. & Urb. Dev.*, 778 F.3d 412, 416–17 (2d Cir. 2015) ("An action not moot at its inception can become moot on appeal if an event occurs during the course of the proceedings or on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party." (internal quotation marks omitted)). Plaintiffs nevertheless argue, and the district court concluded, that a live controversy remains because the injury to their associational and voting rights caused by the filing deadline is capable of repetition yet likely to evade review. *See Freedom Party of N.Y. v. N.Y. State Bd. of Elections*, 77 F.3d 660, 662 (2d Cir. 1996) (stating that "passage of an election does not necessarily render an election-

3

related case moot" where case falls within the "capable of repetition, yet evading review" exception to mootness doctrine); *Storer v. Brown*, 415 U.S. 724, 737 n.8 (1974). The "capable of repetition, yet evading review" exception, however, "applies only in exceptional situations, where (1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again." *Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 170 (2016) (internal quotation marks omitted); *accord Exxon Mobil Corp. v. Healey*, 28 F.4th 383, 395–96 (2d Cir. 2022) ("This facet of the mootness doctrine . . . is applicable only in exceptional situations." (internal quotation marks omitted)). Plaintiffs bear the burden of demonstrating that the exception applies. *See Video Tutorial Servs., Inc. v. MCI Telecomms. Corp.*, 79 F.3d 3, 6 (2d Cir. 1996). They have failed to carry that burden here.

"[I]n the absence of a class action"—which this case is not—"there must be a reasonable expectation that the *same* complaining party would encounter the challenged action in the future." *Van Wie v. Pataki*, 267 F.3d 109, 114 (2d Cir. 2001) (emphasis in original); *see Federal Election Comm'n v. Wis. Right to Life, Inc.*, 551 U.S. 449, 463 (2007) (stating plaintiff must establish "reasonable expectation that it will again be subjected to the alleged illegality" in the future (internal quotation marks omitted)). "[M]ere speculation that the parties will be involved in a dispute over the same issue does not rise to the level of a reasonable expectation or demonstrated probability of recurrence." *Exxon Mobil Corp. v. Healey*, 28 F.4th at 396 (internal quotation marks omitted).

4

Although New York's challenged independent nominating petition filing deadline remains in effect in future elections and will exclude from the ballot candidates who, like Brown, decide to launch an independent candidacy only after losing a major-party primary, plaintiffs have not demonstrated a reasonable expectation that they will encounter the same issue in the future because plaintiffs have presented no reason to think that they will, in the future, favor a candidate who chooses to run as an independent after losing a primary. Contrary to the district court's conclusion, plaintiffs cannot rely solely on the assertion that New York will continue to enforce its filing deadline against independent candidates without presenting a credible claim that plaintiffs will be affected by the deadline in future elections. Plaintiffs did not, either in the district court or on appeal, make any claims about their ability to vote in future elections, nor did they assert that they will again seek to vote for a late-arising independent candidate or even any independent candidate at all.

Counsel's oral argument statement that plaintiffs are "independent-minded voters," with "a reasonable expectation that they might want to vote for someone in a future election who decided to run after the early deadline," May 14, 2024 Oral Argument at 4:30–45, is speculative, unsupported by facts in the record, and, in any event, "amounts to a mere theoretical possibility that the controversy is capable of repetition with respect to [plaintiffs]." *Van Wie v. Pataki*, 267 F.3d at 115 (holding challenge to New York's party enrollment deadline mooted by passage of primary election because plaintiffs "ha[d] not adequately demonstrated that they will again try to enroll in a political party (or change enrollment) for purposes of voting in a primary election," but "merely" claimed that "they

5

will face precisely the same dilemma *if and when* they again attempt to enroll in a political party for the purpose of engaging as active participants in the [primary] process" (emphasis in original)).

In sum, because plaintiffs fail to "establish 'a reasonable expectation' that they will again be subjected to the same dispute," this case is moot and must be dismissed. *Id.*[1] In so holding, we express no view on the merits of plaintiffs' challenge to New York's independent nominating petition filing deadline. Accordingly, the appeal is DISMISSED as moot, the judgment of the district court is VACATED, and the case is REMANDED to the district court with instructions to dismiss the case as moot.

FOR THE COURT:

CATHERINE O'HAGAN WOLFE, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

---

[1] We need not decide whether plaintiffs' challenge to New York's independent nominating petition filing deadline "evades review." We note only that it is by no means clear that the exclusion from the ballot of a candidate who chooses to run as an independent after losing a major-party primary is "too short to be fully litigated" prior to the general election. *Freedom Party of N.Y. v. N.Y. State Bd. of Elections*, 77 F.3d at 663 (internal quotation marks omitted). After filing this lawsuit on August 30, 2021, plaintiffs obtained a preliminary injunction in the district court on September 3, 2021, ordering defendants to place Brown's name on the 2021 general election ballot. This court granted a stay of the preliminary injunction order on September 16, 2021, and plaintiffs did not seek further review in this court before the November 2, 2021 general election. The lawsuit was revived when, following Brown's victory in the general election, we vacated the preliminary injunction order and remanded the case to the district court for further proceedings.

6